**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Ruth Carrasquillo, | : | Civil Action No.: |
|     Plaintiff, | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| Weltman Weinberg & Reis, Co, L.P.A. | : | |
| a Debt Collection Law Firm,  and | : | |
| The Bureaus, Inc., | : | |
|     Defendants. | : | |

## COMPLAINT

1. Plaintiff is an individual, residing in the Commonwealth of Pennsylvania, and consumer pursuant to 15 U.S.C. §1692a(3).

2. Defendant Weltman Weinberg & Reis, is a debt collection law firm, (hereinafter Law Office) is a business entity(ies) engaged in the business of collecting consumer debts in this Commonwealth with its principal place of business located at 525 Vine Street, Suite 800, Cincinnati, OH 45202.

3. Defendant, The Bureaus Inc., is a business entity engaged in the business of collecting consumer debts in this Commonwealth, with its principal place of business located at 1717 Central Street, Evanston, IL 60201.

4. On or about July, 2007, Defendants contacted Plaintiff by U.S. Mail and/or telephone calls in an attempt to collect an alleged consumer debt.

5. Defendants are debt collectors as defined by the state law and the FDCPA.  15 U.S.C. 11692a(6).

6. Defendants sent letters and/or made telephone calls to Plaintiff in June 2007, which are "communications" relating to a "debt" as defined by 15 U.S.C. 11692a(2).

7. At all pertinent times hereto, the defendants were collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. § 1692a(5). (Hereinafter the "alleged debt.")

8. Defendants communicated with plaintiff on or after one year before the date of this action, in connection with collection efforts, by letters, telephone contact or other documents, with regard to plaintiff's alleged debt.

9. Plaintiff believes and therefore avers that the letters of the Defendants contained false, misleading, deceptive and/or confusing statements.
10. At all times pertinent hereto, respondent superior, and/or an agency relationship applies to this Action.
11. Plaintiff believes and therefore avers that defendants are jointly liable for the actions of each, individual actor.
12. Plaintiff believes and therefore avers that agents of Defendants, in its telephone communications made false, misleading, deceptive and/or confusing statements.
13. Plaintiff believes and therefore avers that agents of Defendants, in its telephone communications, were rude, beligerent, insulting and harassing to the Plaintiff.
14. Plaintiff disputes the alleged debt and hereby requests proof of the manner in which the alleged debt was calculated, as is required by state and federal law.
15. Agents of the defendants contacted Plaintiff at her place of employment.
16. Each time defendants' agents contacted Plaintiff at work, she advised them that she was not authorized to receive personal calls at work.
17. Plaintiff works for the City of Harrisburg, Police Department.
18. On several occasions, agents of the Defendants contacted Plaintiff's co-workers.
19. At all times pertinent hereto, Plaintiff advised the defendants that she was not permitted to receive calls at work and that calling her employer would cause disciplinary action against Plaintiff.
20. At all times pertinent hereto, the Defendants willfully, intentionally and otherwise, ignored Plaintiff's demand to cease contact with her at work.
21. During the numerous calls made by the Defendants to Plaintiff's place of employment,
22. Plaintiff believes and therefore avers that Defendants uses their position and title as attorneys in order to add heightened urgency and intimidation to its collection practices.
23. On or about July 11, 2007, Plaintiff received a letter from the Defendants. (Exhibit A)
24. The letter indicated that the balance of her account was $10,762.92, with an interest rate of 17%.
25. The letter demanded a settlement of $7,500.00, and requested a post dated check.
26. Plaintiff disputed the amount of the alleged debt and requested verification.
27. Plaintiff, believing she would be sued for over $10,000.00, plus attorney fees and costs

for a debt in dispute, contacted an attorney.

28. On or about July 20, 2007, Plaintiff's counsel sent a letter to Ms. Polly Albertson.

29. Plaintiff's letter stated, "Please be advised that I represent Ms. Carrasquillo regarding her alleged debt.  At this time, you are on notice to cease and desist all communications with my client and refer all contacts to this office.  Also please note that the alleged debt is hereby disputed and we request validation of the alleged debt, information as to how the alleged debt was calculated, and your authority to charge interest at 17 percent."

30. On or about July 30, 2007, the Defendants sent a letter, (Exhibit B) which stated that Plaintiff's current balance was $2,630.11, and that the Defendants would accept a settlement of $7,500.00.

31. To date, the Defendants have not verified the alleged debt.

32. The Defendants demanded a settlement for a disputed debt and did not provide validation as was requested by Plaintiff's counsel.

33. There was never an express agreement between Plaintiff and Defendants to pay attorney fees and costs.

34. At all times pertinent hereto, the Plaintiff was not advised of her rights under the FDCPA.

35. During the course of the telephone conversations, which occurred primarily while Plaintiff was at work, agents of the Defendants were rude, beligerent, insulting and threatened litigation.

36. Consumers are hurt by these tactics.

## COUNT I - PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

37. Plaintiff hereby incorporates the foregoing as if fully stated herein.

38. Jurisdiction for this Action is asserted pursuant to the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270 et seq.

39. Violating provisions of the Fair Debt Collection Practices Act also violate the Pennsylvania FCEU, 73 P.S. §2270.4(a).

40. That defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by FCEU and the regulations, including but not limited to, violations of 37 Pa.Code §§303.3(3), 303.3(14), 303.3(18), 303.6 and 73 P.S. §201-2(4).

41. Defendants' acts as described herein were done with malicious, intentional, willful,

reckless, negligent and wanton disregard for Plaintiff's rights with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of the above violations, Plaintiff is entitled to statutory, actual, treble and punitive damages and attorney's fees and costs.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court issue judgment on Plaintiff's behalf and against defendants for a statutory penalty, treble damages, punitive damages, attorney fees and costs pursuant to 73 P.S. 2207.5.

## COUNT II - PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

43. Plaintiff hereby incorporates the forgoing as if fully set forth herein.

44. Jurisdiction for this action is asserted pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq.

45. That defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by UTPCPL.

46. As a result of the above violations, Plaintiff is entitled to statutory, actual, treble and punitive damages and attorney's fees and costs.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court issue judgment on Plaintiff's behalf and against defendants for a statutory penalty, treble damages, punitive damages, attorney fees and costs pursuant to 73 P.S. §201-902.

## COUNT III - FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff hereby incorporates the foregoing as if fully set forth herein.

48. Jurisdiction for this action is asserted pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), particularly 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

49. Venue lies in this District pursuant to 28 U.S.C. 1391(b).

50. The FDCPA states that a violation of state law is a violation of the FDCPA. 15 U.S.C. §1692n.

51. Plaintiff believes and therefore avers that defendants do not have proper assignment of the claim, and is therefore, unable to collect the alleged debt pursuant to 18 Pa.C.S. §7311(a)(1) and (2).

52. Plaintiff believes and therefore avers that defendants do not have proper assignments and/or documentation permitting said defendants to charge interest, fees and/or costs. 18 Pa.C.S. §73112(b)(1).
53. The FDCPA states that a violation of state law is a violation of the FDCPA. 15 U.S.C. §1692n.  Plaintiff believes and therefore avers that Defendants violated this section of the FDCPA.
54. Plaintiff believes and therefore avers that defendants added interest, fees and costs in violation of state and federal law, 15 U.S.C. §1692f(1) and 1692e(2)A and B.
55. There was never an express agreement by Plaintiff to pay any additional fees, cost or interest to Defendants or any of its agents.
56. Plaintiff believes and therefore avers that the Defendants violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants.
57. Plaintiff believes and therefore avers that the Defendants violated 15 U.S.C. §1692g, by failing to give the required notices to the Plaintiff in the initial communication.
58. Plaintiff believes and therefore avers that the Defendants violated 15 U.S.C. §1692d(5) by causing the phone to ring and engaging the consumer in repeated conversations.
59. At all times pertinent hereto, the Plaintiff was unable to dispute the alleged debt.
60. Plaintiff believes and therefore avers that Defendants violated 15 U.S.C. §1692b(2) by communicating with third parties regarding the alleged debt, without the consent of the consumer.
61. The FDCPA states, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer. 15 U.S.C. §1692c(b). Plaintiff believes and therefore avers that Defendant violated this section of the FDCPA.
62. Plaintiff believes and therefore avers that Defendant violated 15 U.S.C. § 1692c(b) by contacting a third party, without the Plaintiff's prior consent.
63. Defendants violated 15 U.S.C. §1692b(3) by communicating with persons other than the Plaintiff more than one time, without consent and without the consent of the Plaintiff.
64. Defendants violated 15 U.S.C. §1692c(a)(3) by communicating with the consumer at his/her place of employment, despite being told that such phone calls were prohibited.
65. The FDCPA states, a debt collector may not use unfair or unconscionable means to

collect or attempt to collect any debt. 15 U.S.C. §1692f.  Plaintiff believes and therefore avers that Defendants violated this section of the FDCPA.

66. The FDCPA states, a debt collector may not use false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e(5) and (10), §1692f(8) and §1692j.  Plaintiff believes and therefore avers that Defendants violated these sections of the FDCPA.

67. The Defendants violated 15 U.S.C. §1692e(11) by failing to provide the consumer with the proper warning, "this is an attempt to collect a debt, any information obtained will be used for that purpose," during the initial telephone communications and in subsequent communications.

68. Defendants violated 15 U.S.C. §1692g, by failing to provide the consumer with the proper validation notice within five days of the initial communication.

69. Defendants violated 15 U.S.C. §1692g by demanding payment without providing the proper consumer warnings, thus, defendants overshadowed the FDCPA.

70. The FDCPA states, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.  15 U.S.C. §1692d.  Plaintiff believes and therefore avers that Defendants violated this section of the FDCPA.

71. The FDCPA provides certain rights to the consumer regarding his/ her right to dispute the alleged debt, 15 U.S.C. §1692g.Plaintiff believes and therefore avers that Defendants violated this section of the FDCPA.

72. Any threat of litigation is false if the defendant rarely, sues consumer debtors or if the defendant did not intend to sue the Plaintiff.  Bently v. Great Lakes Collection Bureau, 6 F.3d 62 (2d Cir. 1998).  See also, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10).

73. Courts have held that the threat of litigation is present simply because the letter comes from an attorney; the letter need not explicitly threaten suit.  Crossley v. Lieberman, 868 F.2d 566 (3d Cir. 1989).  United States v. Central Adjustment Bureau, 667 F. Supp. 370, 397 (N.D. Tex. 1986).

74. Plaintiff believes and therefore avers that the Defendant attorneys did not afford her account individual review.  Miller v. Wolpoff & Abramson, 321 F.3d 292 (2d Cir. 2003).

75. At all time pertinent hereto, the defendants were acting by and through its agents,

      servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the defendants herein.

76. At all times pertinent hereto, the conduct of defendants as well as their agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

77. The above mentioned acts with supporting cases demonstrates that the conduct of defendants rises to the level needed for punitive damages.

78. Defendants, in its collection efforts, violated the FDCPA, *inter alia*, Sections 1692, b, c, d, e, f, g, h, and/or n.

79. Defendants, in its collection efforts, used false or deceptive acts and intended to oppress and harass plaintiff.

80. That, as a result of the wrongful tactics of defendants as aforementioned, plaintiff has been subjected to anxiety, harassment, intimidation and annoyance for which compensation is sought.

      **WHEREFORE,** Plaintiff respectfully requests that his Honorable Court enter judgment for Plaintiff and against defendants and issue an Order:

(A) Award Plaintiff statutory damages in the amount of One Thousand Dollars ($1,000.00) for each violation of the FDCPA or each separate and discrete incident in which defendants have violated the FDCPA.

(B) Award Plaintiff general damages and punitive damages for anxiety, harassment, and intimidation directed at Plaintiff in an amount not less than Ten Thousand Dollars ($10,000.00), as well as the repetitive nature of defendants form letters.

C) Award Plaintiff costs of this litigation, including a reasonable attorney's fee at a rate of $450.00/hour for hours reasonably expended Plaintiff's attorney in vindicating his rights under the FDCPA, permitted by 15 U.S.C. §1692k(a)(3).

(D) Award declaratory and injunctive relief, and such other relief as this Honorable Court deems necessary and proper or law or equity may provide.

Dated: 9/28/07                         By:   /s/Deanna Lynn Saracco
                                                                  Deanna Lynn Saracco, Attorney for Plaintiff
                                                                  76 Greenmont Drive, Enola, PA 17025
                                                                  Telephone 717-732-3750
                                                                  Fax 717-728-9498, Email: SaraccoLaw@aol.com